JOHN M. FORD vs. GEORGE C. WHITEMAN.

*Case—Personal Injuries—Public Highway—Crowded Street; Care
in use of—Negligence—Accident—Damages.*

1. The driver of a horse upon a public highway must use ordinary care in its management, and is liable for all damages occasioned by his careless driving. Greater care is required in driving along a crowded street or thoroughfare.

2. If defendant drives his horse in a run, and races with a bicycle at a dangerous and unnecessary speed on one of the streets of the city, that would constitute negligence; and if injuries were received by the plaintiff as the direct result of such negligence, he would be entitled to recover.

3. A person having knowledge of the dangerous character of the place where he is driving, is required to use greater care.

4. If the loss of control of the horse results from the careless driving of the defendant, the plaintiff would be entitled to recover; but if it was not occasioned by any fault of the defendant, then the case would come under the head of unavoidable accident.

5. If the jury believe from the evidence that the defendant did all that a reasonably prudent man should have done under the circumstances to avert the accident, the plaintiff cannot recover.

(*December 2, 1899.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Medford H. Cahoon* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, November Term, 1899.

ACTION ON THE CASE (Number 72, September Term, 1898) for damages for personal injuries alleged to have been occasioned by the careless and reckless driving of a pony to a dog-cart by the defendant on May 24, 1899, whereby said pony was driven in and upon plaintiff while he was lawfully engaged in digging a

trench in the bed of Washington street between Twentieth and Twenty-first streets for the Water Department of the City of Wilmington. The plaintiff claimed damages for pain and suffering and the loss of time and wages and for money laid out and expended by reason of his injuries. The defendant claimed that the accident was wholly unavoidable on his part and was occasioned through the pony which he was driving becoming unmanagable and running away with him.

LORE, C. J., charging the jury:

Gentlemen of the jury:—In this action, John M. Ford, the plaintiff, seeks to recover damages from the defendant, George C. Whiteman, for alleged personal injuries which he claims he suffered by reason of the negligence of the defendant in the month of May, 1898.

The plaintiff claims that he was working in a ditch on that day in a public street in this city and that by reason of the reckless and negligent driving of the defendant, the pony he was driving was thrown in the ditch upon him and that his injuries resulted therefrom. On the other hand, the defendant claims that this was an unavoidable accident. So that you see the line is clearly drawn; the plaintiff on one hand claiming the injuries resulted from the fault of the defendant, and the defendant claiming that the pony fell into the ditch through an unavoidable accident. The law is practically agreed upon by the respective counsel in the case; it is mainly a question of fact for you to determine from the evidence.

We have been requested to charge you upon certain points of law. We will first state the law bearing upon the degree of care which was incumbent upon the defendant to exercise in using the public highway at the time. The driver of a horse upon a public highway must use ordinary care in its management, and is liable for all damages occasioned by his careless driving. Greater care is required of one driving along a crowded street or thoroughfare

within a town or city than upon an ordinary public road, where there is no such crowded condition.

Therefore if the jury believe from the evidence in the case that the defendant was driving at the time of the accident negligently and recklessly and without ordinary care, taking into consideration all the facts and circumstances surrounding the accident, and, as a result of such want of ordinary care, inflicted upon the plaintiff the injuries complained of, the verdict should be for the plaintiff.

Ordinary care in driving a horse and vehicle means such care as prudent men ordinarily use, in like circumstance, taking into consideration the time, the place, the condition of the highway, the possible dangers, the known obstructions and the damage likely to result from driving carelessly at that particular time and place.

*Clark vs. Barrington, 41 New Hamp., 44 ; Tucker vs. Henniker, 41 New Hamp., 317.*

If the jury believe from all the evidence in the case that the defendant was driving his horse in a run and racing with a bicycle at a dangerous and unnecessary speed upon one of the streets of the City of Wilmington, that would constitute negligence; and if the jury further believe that the injuries complained of were received by plaintiff as the direct result of such negligence on the part of the defendant, the plaintiff is entitled to recover in this suit.

Again, if the evidence shows that the defendant knew of the excavation upon the side of Washington street, upon which he was then driving, he was, in passing by such excavation, bound to use greater care than would have been required of him at some point at which there was no such place of danger.

*Pierce vs. Wilmington, 2 Marvel 306 ; Wilkins vs. Wilmington, 2 Marvel, 132.*

Even should you find from the evidence that the horse driven by the defendant at the time of the accident became at the time and place of the accident unmanagable and beyond the control of the defendant, yet if you further find from the evidence that the defendant's loss of control of the horse was due to the rapid and

careless driving thereof by the defendant, then the plaintiff is entitled to recover.

If the jury shall believe from the evidence that the horse was running away, and beyond the control of the defendant, such running away not being occasioned by any fault of the defendant, the case comes under the head of unavoidable accident, and the plaintiff cannot recover.

Again, if the jury shall believe from the evidence that the defendant did all that a reasonably prudent man should have done under the circumstances to avert the accident, the plaintiff cannot recover.

*Bennett vs. Ford, 47 Ind., 264; Shawhan vs. Clarke, 24 La. 390; Bigelow vs. Reed, 51 Maine, 325; Benoît vs. R. R. Co., 3 Am. Neg. Reps., 717.*

Verdict for defendant.